UNITED STATES of America,
Plaintiff—Appellee,

v.

Leticia Cisneros DOMINGUEZ,
Defendant—Appellant.

No. 05–30234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2006.

Decided July 14, 2006.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Dominguez appeals her conviction for conspiracy to distribute a controlled substance, claiming that the court improperly admitted hearsay testimony and that the prosecution's testimony about a contract with a paid informant was impermissible vouching. She also claims that counsel was constitutionally ineffective in failing, among other things, to ask for a limiting instruction to address the alleged hearsay testimony.

■ At trial, the informant testified that his girlfriend told him Dominguez was a drug runner. The court admitted the testimony over defendant's objection because the testimony provided background information showing what the informant believed and why the DEA began investigating the case; it was not admitted to prove what Dominguez had done. The district court did not abuse its discretion. *See United States v. Inadi,* 475 U.S. 387, 398 n. 11, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) (noting that "statements [that] are not introduced to prove the truth of the matter asserted ... do not come within the traditional definition of hearsay").

The government's testimony about the informant's contract with the Drug Enforcement Agency (DEA) was admissible. The testimony was only introduced after the defendant had attacked the informant's credibility and questioned his motives in working with the DEA, and did not constitute vouching. *See United States v. Necoechea,* 986 F.2d 1273, 1276–78 (9th Cir.1993); *United States v. Monroe,* 943 F.2d 1007, 1014 (9th Cir.1991).

■ Dominguez alleges several errors of counsel. We do not ordinarily hear such claims on direct appeal, but this record is sufficiently developed to assure us that the claims have no merit. *United States v. Porter,* 431 F.2d 7, 11 (9th Cir. 1970). We have reviewed Dominguez's claims and will address only the most serious one here: that her counsel should have requested a limiting instruction under Federal Rule of Evidence 105, directing jurors to consider the informant's statements as evidence of his knowledge rather than Dominguez's criminal propensity. This may have been an omission on counsel's part, but in light of the evidence of Dominguez's guilt it did not "so undermine[ ] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The judgment of the district court is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.